NH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chiara Nse Anyike Benedict,<br>　　　　　Petitioner,<br>v.<br>Fred Figueroa, et al.,<br>　　　　　Respondents. | No.　CV-26-00260-PHX-DWL (MTM)<br><br>**ORDER** |

　　　　Self-represented Petitioner Chiara Nse Anyike Benedict, who is confined in the Eloy Detention Center, filed this action under 28 U.S.C. § 2241 challenging her immigration detention but did not pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis. The Court will give Petitioner an opportunity to either pay the filing fee or file an Application to Proceed In Forma Pauperis, dismiss Grounds Three and Four of the Petition, and require Respondents to answer the remaining grounds.

**I.　　Failure to Pay Filing Fee**

　　　　Rule 3.5(c) of the Local Rules of Civil Procedure requires that "[i]f a habeas corpus petitioner desires to prosecute the petition in forma pauperis, the petitioner shall file an application to proceed in forma pauperis on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(c) also requires payment of the $5.00 filing fee if a petitioner has in excess of $25.00 in her inmate account.

Because Petitioner has not paid the $5.00 filing fee or filed an Application to Proceed In Forma Pauperis, the Court will give Petitioner 30 days from the date this Order is filed to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis using the form included with this Order.

**II.     Background and Petition**

Petitioner names as Respondents: the Warden of the Eloy Detention Center Fred Figueroa, Immigration and Customs Enforcement (ICE) Field Office Director Jason Ciliberti, Department of Homeland Security (DHS) Secretary Kristi Noem, and United States Attorney General Pam Bondi.

Petitioner states she is a citizen of Cameroon and entered the United States on December 19, 2024. Petitioner was detained by ICE at the United States border and transferred to the Eloy Detention Center two days later, where she remains in custody. Petitioner alleges she has no criminal history.

On August 14, 2025, an Immigration Judge granted her withholding of removal that is administratively final.[1] According to Petitioner, DHS did not appeal the decision. Petitioner asserts she cannot be removed to Cameroon because she is in danger there and she has not been informed of any third country that will accept her. She claims ICE has not provided a clear removal timeline, travel documents, or travel itinerary for her removal.

In Ground One, Petitioner asserts her continued detention violates her Fifth Amendment rights to due process, claiming there is no significant likelihood of her removal in the reasonably foreseeable future, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001). In Ground Two, Petitioner claims her prolonged detention and pending Post-Order Custody Review is punitive in nature and violates her Fifth Amendment rights to due process. In Ground Three, Petitioner claims she has experienced inadequate medical care, sleep deprivation, and "jail-like conditions" in ICE custody. In Ground Four, Petitioner alleges

---

[1] At some point, Petitioner's asylum application was denied and her Convention Against Torture claim was rendered moot.

she is suffering mental health issues and persistent fear due to her sexual orientation and prolonged detention. Petitioner seeks immediate release from custody.

Grounds Three and Four relate to Petitioner's conditions of confinement, rather than the validity or duration of her confinement. The claims would arise, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted). Thus, the Court will dismiss Grounds Three and Four.[2]

The Court will require Respondents to answer Grounds One and Two of the Petition.

## III. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v.*

---

[2] Petitioner may file a civil rights action regarding her conditions of confinement, but she must file a **new action**, use the court-approved complaint form, and either pay the $350.00 filing fee and $55.00 administrative fee or file an application to proceed in forma pauperis.

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Within **30 days** of the date this Order is filed, Petitioner must either pay the $5.00 filing fee **or** file a complete Application to Proceed In Forma Pauperis.

(2) If Petitioner fails to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

(3) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of the Petition (Doc. 1) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at theo.nickerson2@usdoj.gov.

(5) Respondents must answer the Petition within **20 days** of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(6) Regarding courtesy copies of documents for chambers, Respondent is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF."

- 4 -

CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

    (7)    Petitioner may file a reply within **14 days** from the date of service of the answer.

    (8)    The Clerk of Court must mail Petitioner a court-approved form for filing an Application to Proceed In Forma Pauperis (Habeas).

Dated this 20th day of January, 2026.

_____
Dominic W. Lanza
United States District Judge

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____,

Petitioner,

v.

_____,

Respondent(s).

**CASE NO**. _____

**APPLICATION TO PROCEED
IN FORMA PAUPERIS
BY A PRISONER
(HABEAS)**

I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined?  ☐Yes  ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____
   _____

2. Do you receive any other payments from the institution where you are confined?  ☐Yes  ☐No
   If "Yes," state the source and amount of the payments. _____
   _____
   _____

3. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined?  ☐Yes   ☐No
   If "Yes," state the sources and amounts of the income, savings, or assets. _____
   _____
   _____

I declare under penalty of perjury that the above information is true and correct.

_____   _____
DATE                              SIGNATURE OF APPLICANT

---

### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
        (Printed name of official)

The applicant's trust account balance at this institution is:  $_____.

_____
DATE        AUTHORIZED SIGNATURE        TITLE/ID NUMBER        INSTITUTION

2