IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chiara Nse Anyike Benedict, | No. CV-26-00260-PHX-DWL (MTM) |
| Petitioner, | |
| v. | **ORDER** |
| Fred Figueroa, et al., | |
| Respondents. | |

On January 5, 2026, Petitioner filed a petition under 28 U.S.C. § 2241 seeking release from immigration detention. (Doc. 1.) Petitioner avowed that she was ordered removed to Cameroon on August 14, 2025, asserted that there was no likelihood of removal to Cameroon because she had also been granted withholding of removal pursuant to the Convention Against Torture ("CAT"), and argued that her continued detention[1] was in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court ordered Respondents to answer the petition. (Doc. 3). Respondents have now responded. (Doc. 12.) Recently appointed counsel for Petitioner (*see* Doc. 8) has since filed a motion for extension of time and a motion for discovery. (Docs. 16, 18). For the reasons that follow, the Court will deny the motions as moot, grant the petition, and order that Petitioner be immediately released from custody.

## I.    Background

Petitioner is a native of Cameroon who entered the United States on December 19,

---

[1]    Petitioner was taken into ICE custody on December 19, 2024.  (Doc. 1 at 2.)

2024.  (Doc. 12-1 ¶ 5.)  That same day, Petitioner was taken into custody by immigration officials and issued a notice of expedited removal.  (*Id.*)  On December 27, 2024, Petitioner expressed fear of returning to Cameroon, and she subsequently participated in a credible fear interview.  (*Id.* ¶¶ 7-8.)  On January 28, 2025, an immigration officer determined that Petitioner had a credible fear of returning to Cameroon and referred Petitioner for immigration proceedings before an immigration judge ("IJ").  (*Id.* ¶ 9.)  On August 14, 2025, the IJ ordered Petitioner removed to Cameroon but granted withholding of removal pursuant to the CAT.  (*Id.* ¶ 11.)  On October 28, 2025, ICE "contacted the ICE Headquarters Removal and International Operations (HQRIO) Unit in Washington, D.C., for assistance with the third country removal."  (*Id.* ¶ 12.)  The next day, "ICE received an email response from HQRIO advising of their efforts to acquire a third country for removal."  (*Id.* ¶ 13.)  As of the date of this order, "ICE is currently pending guidance from HQRIO on third country removal for [Petitioner]."  (*Id.* ¶ 15.)  This constitutes "the most up to date information regarding Petitioner's case and ICE's removal efforts."  (Doc. 20 at 2.)

**II.     Legal Standard**

Under 8 U.S.C. § 1231(a)(1), the government has a 90-day period—called the "removal period"—in which to remove an alien after a removal order becomes final.  Under § 1231(a)(2), detention during the removal period is mandatory.

Under § 1231(a)(6), if the government is unable to effect removal within the 90-day removal period, continued detention becomes discretionary.  That discretion, however, is not unfettered and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 ("[W]e read an implicit limitation into the statute before us.  In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.  It does not permit indefinite detention.").  In *Zadvydas*, the Supreme Court held that six months is a "presumptively reasonable period of detention."  *Id.* at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of

removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If, after considering the evidence, a court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700.

**III. Discussion**

Petitioner's removal order was issued on August 14, 2025 and become final 30 days later when neither party appealed it. 8 C.F.R. § 1241.1. As such, as of today's date, Petitioner's detention has exceeded the six-month *Zadvydas* "presumptively reasonable" period. Given this backdrop, the initial burden falls onto Petitioner to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. If Petitioner meets this burden, "the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner has met her initial burden. Petitioner has been granted withholding of removal to Cameroon pursuant to the CAT, so the only possibility of Petitioner's removal would be to a third country. The only evidence of any effort to effectuate third-country removal is that on October 28, 2025—more than four months ago—"ICE officers contacted [HQRIO] … for assistance with the third country removal." (Doc. 12-1 ¶ 12.) Although Respondents claim they are still pursuing third-country removal options, Respondents concede they are simply "pending guidance from HQRIO on third country removal." (*Id.* ¶ 15.) There is zero evidence in the record concerning when, if ever, this further "guidance" is expected to be received. Nor is there any evidence in the record concerning the government's track record of successfully completing third-country removals of aliens from Cameroon (or of successfully completing third-country removals, period). As a

result, Petitioner has provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

Because Petitioner has made this showing, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As noted, the only evidence proffered by the government is its non-specific showing that it made a request for "assistance" more than four months ago and hopes to obtain "guidance" at some unspecified point in the future. This evidence is insufficient to rebut Petitioner's showing.

**IT IS ORDERED:**

(1)    The Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2)    Respondents must **immediately release** Petitioner from custody.

(3)    No more than **two business days** from the time of this Order, Respondents must file a notice of compliance.

(4)    The Motion for Discovery (Doc. 16) and Motion for Extension of Time (Doc. 18) are **denied as moot**.

(5)    The Clerk of Court must enter judgment accordingly and close this case.

Dated this 13th day of March, 2026.

Dominic W. Lanza
United States District Judge